**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ANUPACK, LLC,                                        Case No.: 6:21-cv-_____-____

      Plaintiff,

v.

OLD FASHIONED FOODS, INC.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, Anupack, LLC ("Anupack"), by and through its undersigned counsel, files this, its complaint against Old Fashioned Foods, Inc. ("OFF"), and alleges as follows:

### INTRODUCTION

1.     This is a civil action filed as a result of Defendant's breaches of contracts related to its purchases of goods from Plaintiff, which goods were produced for delivery by Plaintiff, but for which goods Defendant has not paid Plaintiff, despite Plaintiff having produced the goods ordered by Defendant.

2.     Plaintiff now seeks to recover the damages caused by Defendant's breaches of the contracts or, alternatively, to recover the amounts for which Defendant was unjustly enriched, plus interest and court costs.

16237834 _4

## PARTIES, JURISDICTION, AND VENUE

3.      Anupack is a Delaware limited liability company with its principal place of business located at 2501 Principal Row, Orlando, Florida 32837.

4.      OFF is a Wisconsin corporation with its principal place of business located at 650 Furnace Street, Mayville, Wisconsin 53050.   Bernard Youso is identified as OFF's registered agent with the Wisconsin Department of Financial Institutions.

5.      This Court has subject matter jurisdiction over this civil action, pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1), as: (a) Anupack and OFF are citizens of different states; and (b) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.      This Court has personal jurisdiction over Defendant, as:

a.      Defendant is subject to specific personal jurisdiction in Florida under Florida's long-arm statute—Section 49.193(1)(a)(7), *Florida Statutes*—in that Defendant breached Florida-based contracts for Plaintiff's supply of product to Defendant, for which Defendant was to pay Plaintiff in Florida, and by failing to pay Plaintiff under the contracts; and

16237834 _4

b.      Defendant has sufficient minimum contacts with Florida, such that due process is satisfied with this Court exercising specific personal jurisdiction over Defendant, in that: (i) Plaintiff's claims arise out of or relate to Defendant's contacts with Plaintiff in Florida, through its direct communications and placement of orders with Plaintiff; (ii) Defendant purposely availed itself of the privilege of conducting its activities in Florida: (A) having unilaterally sought out the manufacturing services of Plaintiff in Florida, thus invoking the benefits of Florida's laws; and (B) being aware that a significant number of its products are otherwise being shipped to Florida; such that Defendant should reasonably anticipate being haled into court here; and (iii) the Court's exercise of specific personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

7.      Venue is proper, pursuant to 28 U.S.C. §1391(b)(2), in the Orlando Division of the Middle District of Florida, as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in, this judicial district.

16237834 _4

## FACTS COMMON TO ALL COUNTS

8.     Anupack is a company primarily engaged in the manufacture of packaging materials solutions, including for customers in the food and beverage industry.

9.     OFF is a company primarily engaged in the production of food and food service products.

10.     In or around August of 2017, OFF approached Anupack regarding the production and sale of completed aluminum piston aerosol cans for OFF's production of cheese spread, some of which cans were to be printed and some of which were to be unprinted.

11.     Anupack would delivered the finished cans to OFF empty, OFF would fill the empty cans with their cheese spread products, and then OFF would sell the final product: a full can of OFF's branded cheese spread.

12.     As OFF's request called for cans with certain technical specifications, Anupack contracted with a vendor, Exal Corporation ("Exal") (now known as Trivium Aluminum Packaging USA Corp.), for the manufacture of a portion of the final product.

16237834 _4

13.     Exal presented to OFF that certain Drawing No. 55154A02 (the "Drawing"), which included a two-dimensional drawing of the cans being sold to OFF by Anupack, a listing of the dimensions of various aspects of the can, and a listing of various specifications for the can.  A true and correct copy of the Drawing is attached hereto as Exhibit "A."

14.     The Drawing was approved by Kyle Lauderback, the Purchasing Manager of OFF.

15.     OFF presented Anupack with the following purchase orders:

a.     019936-00 dated September 21, 2017;
b.     020209-00 dated November 6, 2017;
c.     020297-00 dated December 1, 2017;
d.     020472-00 dated January 24, 2018;
e.     020544-00 dated February 8, 2018;
f.     020768-00 dated April 18, 2018;
g.     020844-00 dated May 10, 2018;
h.     020947-00 dated June 25, 2018; and
i.     021599-00 dated December 5, 2018;

(collectively, the "POs").  True and correct copies of the POs are attached hereto as Composite Exhibit "B."

16.     Each of the POs constituted a valid and binding offer from OFF for the manufacture and delivery of the goods specified therein.

5

17.    Anupack accepted each of the POs, creating separate binding contracts for each of the POs.

18.    Anupack began delivering the completed cans to OFF under the POs in or about late September 2017.

19.    Anupack invoiced OFF for each delivery of cans, with each invoice including charges for both the products actually delivered, plus freight costs associated with the respective delivery.

20.    OFF's PO 020844-00 ordered 2,496,000 completed aluminum piston aerosol cans from Anupack for OFF's production of cheese spread, to be delivered over sixteen separate (16) shipments of 156,000 cans each.

21.    Anupack delivered completed cans under related shipments numbered 020844-1, 020844-2, 020844-3, 020844-4 and 20844-5 from in or about June 2018 through December 2018, leaving eleven (11) shipments necessary to fulfill PO 020844-00.

22.    The cans in shipments numbered 020844-1, 020844-2, 020844-3, 020844-4 and 20844-5 were produced according to, and in conformance with, the specifications on the Drawing.

23.     Anupack produced 936,960 additional completed cans, representing six (6) or the remaining eleven (11) shipments under PO 020844-00—shipments 020844-6, 020844-7, 020844-8, 020844-9, 020844-10 and 020844-11—for which OFF has refused to accept delivery, and for which Anupack is currently providing storage and incurring additional costs and expenses flowing from OFF's breach of contract (the "Stored Cans").

24.     The Stored Cans were produced according to, and in conformance with, the specifications on the Drawing.

25.     The Stored Cans are contained in six (6) trailers that were to be used for each respective shipment.

26.     Pursuant to PO 020844-00, the amount OFF owes Anupack for the Stored Cans is THREE HUNDRED EIGHTY-NINE THOUSAND THIRTY-SEVEN AND 60/100 DOLLARS ($389,037.60) (the "Price") for the Stored Cans and EIGHT THOUSAND EIGHT HUNDRED TWENTY and NO/100 DOLLARS ($8,820.00) for associated delivery freight charges.

27.     Due to OFF's failure to accept delivery of the Stored Cans, Anupack has incurred storage and handling fees by JL Clark for four (4) of the six (6) trailers of the Stored Cans of in the aggregate amount of TWENTY-ONE THOUSAND TWO HUNDRED SIXTY-FOUR and NO/100 DOLLARS ($21,264.00), plus

16237834 _4

additional freight charges of TWENTY-FOUR THOUSAND ONE HUNDRED FOUR and NO/100 DOLLARS ($24,104.00), plus a reasonable amount for Anupack's continuing storage of the additional two (2) trailers of the Stored Cans.

28.     Anupack considered OFF's refusal to accept the Stored Cans as a rescission of the remaining five (5) shipments of unmanufactured cans under PO 020844-00, Anupack did not manufacture the remaining five shipments and is not seeking payment from OFF for those unmanufactured cans.

29.     Despite Anupack's demands, OFF has refused to pay the $389,037.60 for the actual cost of Stored Cans, the $8,820.00 in associated delivery freight for the Stored Cans, the $21,264.00 in accrued actual costs for the Stored Cans, the $24,104.00 for the additional freight charges for the Stored Cans, and a reasonable amount for Anupack's storage of the additional Stored Cans.

30.     Anupack has attempted in good faith to mitigate its damages by reselling or repurposing the Stored Cans, but given the Stored Cans' unique characteristics tailored to OFF's stated specifications, Anupack has been unsuccessful at reselling or repurposing these goods, to date.

31.     Anupack presented OFF with Anupack's Invoice No.: 11800074, dated December 31, 2018, for freight charges incurred in the delivery to OFF of cans under shipment 020844-5 of OFF's PO 020844-00, in the amount of ONE THOUSAND

8

16237834 _4

SIX HUNDRED FIVE and NO/100 DOLLARS ($1,605.00).  A true and correct copy of Anupack's Invoice No.: 11800074 is attached hereto as Exhibit "C."

32.    Despite Anupack's demands, OFF has refused to pay the $1,605.00 under Anupack's Invoice No.: 11800074.

33.    OFF's PO 021599-00 ordered 101,958 completed aluminum piston aerosol Save A Lot Cheddar cans and 56,544 Save a Lot Sharp Cheddar cans from Anupack for OFF's production of cheese spread.

34.    Anupack delivered 156,612 completed cans to OFF (the "Delivered Cans") under PO 021599-00.

35.    The Delivered Cans were produced according to, and in conformance with, the specifications on the Drawing.

36.    Anupack presented OFF with Anupack's Invoice No.: 11800073, dated December 31, 2018, for the cans delivered under OFF's PO numbered 021599-00, in the amount of SIXTY-SIX THOUSAND TWO HUNDRED TWENTY-SIX AND 29/100 DOLLARS ($66,226.29).  A true and correct copy of Anupack's Invoice No.: 11800073 is attached hereto as Exhibit "D."

37.    Despite Anupack's demands, OFF has refused to pay the $66,226.29 owed to Anupack under Anupack's Invoice No.: 11800073.

16237834 _4

## COUNT I – BREACH OF CONTRACT FOR STORED CANS

38.     Anupack restates, realleges, and incorporates by reference herein the allegations set forth in paragraphs 1 through 30, as if fully rewritten herein.

39.     OFF's presentation, and Anupack's subsequent acceptance, of PO 020844-00 created a contract between OFF and Anupack.

40.     In consideration of OFF's promises to pay Anupack under PO 020844-00, Anupack satisfactorily manufactured goods necessary to fulfill shipments 020844-1, 020844-2, 020844-3, 020844-4, 020844-5, 020844-6, 020844-7, 020844-8, 020844-9, 020844-10 and 020844-11 of OFF's order.

41.     Anupack has fully performed and satisfied its obligations under the terms of PO 020844-00 in a timely manner.

42.     As of the date of the filing of this Complaint, despite Anupack's invoicing and demands for payment, OFF has, without justification, failed and/or refused to pay the balance due Anupack under PO 020844-00 with Anupack, and therefore, is in breach of its contractual obligations to Anupack.

43.     Anupack is entitled to recover from OFF for its breaches of its contractual obligations to Anupack under PO 020844-00 the principal sum of no less than FOUR HUNDRED FORTY-THREE THOUSAND TWO HUNDRED

16237834 _4

TWENTY-FIVE and 60/100 DOLLARS ($443,225.60), plus a reasonable amount for Anupack's two (2) years of continuous storage of the additional Stored Cans, plus interest, as well as Anupack's court costs incurred herein.

## COUNT II – ACTION FOR THE PRICE AND INCIDENTAL DAMAGES

44.    Anupack restates, realleges, and incorporates by reference herein the allegations set forth in paragraphs 1 through 29, as if fully rewritten herein.

45.    This is an action for the price and incidental damages, pursuant to Sections 672.709 and 672.710, *Florida Statutes*, respectively.

46.    As of the date of the filing of this Complaint, despite Anupack's invoicing and demands for payment, OFF has, without justification, failed and/or refused to pay the Price due Anupack under PO 020844-00 for the Stored Cans.

47.    The Stored Cans were identified in the contract represented by PO 020844-00.

48.    Anupack has been unable to resell the Stored Cans at a reasonable price.

49.    Because of the unique characteristics of the Stored cans tailored to OFF's stated specifications, the circumstances reasonably indicate that Anupack's continuing efforts to resell the Stored Cans will be unavailing.

16237834 _4

50.     As a result of OFF's refusal to accept delivery of the Stored Cans and to pay the Price to Anupack, Anupack has incurred incidental damages of $8,820.00 in associated delivery freight for the Stored Cans, $21,264.00 in accrued storage and handling fees for the Stored Cans, $24,104.00 in additional freight charges for the Stored Cans (collectively, the "Incidental Damages"), and a reasonable amount for Anupack's storage of the additional Stored Cans.

51.     Anupack is entitled to recover from OFF for its failure to pay the Price to Anupack in the amount of no less than THREE HUNDRED EIGHTY-NINE THOUSAND THIRTY-SEVEN AND 60/100 DOLLARS ($389,037.60), plus Anupack's Incidental Damages in the amount of no less than FIFTY-FOUR THOUSAND ONE HUNDRED EIGHTY-EIGHT and NO/100 DOLLARS ($54,188.00)—in the aggregate amount of no less than FOUR HUNDRED FORTY-THREE THOUSAND TWO HUNDRED TWENTY-FIVE and 60/100 DOLLARS ($443,225.60)—plus a reasonable amount for Anupack's two (2) years of continuous storage of the additional Stored Cans, plus interest, as well as Anupack's court costs incurred herein.

16237834 _4

## COUNT III – BREACH OF CONTRACT FOR SHIPMENT 020844-5

52.     Anupack restates, realleges, and incorporates by reference herein the allegations set forth in paragraphs 1 through 22, and 31 and 32, as if fully rewritten herein.

53.     OFF's presentation, and Anupack's subsequent acceptance, of PO 020844-00 created a contract between OFF and Anupack.

54.     In consideration of OFF's promises to pay Anupack under PO 020844-00, Anupack satisfactorily manufactured all goods necessary to fulfill shipment 020844-5 of that order.

55.     Anupack has fully performed and satisfied all of its relevant obligations under the terms of PO 020844-00 in a timely manner.

56.     As of the date of the filing of this Complaint, despite Anupack's invoicing and demands for payment, OFF has, without justification, failed and/or refused to pay the balance due Anupack under Anupack's Invoice No.: 11800074, for shipment 020844-5 under PO 020844-00 with Anupack, and therefore, is in breach of its contractual obligations to Anupack.

57.     Anupack is entitled to recover from OFF for its breaches of its contractual obligations to Anupack under PO 020844-00 the principal sum of no less

16237834 _4

than ONE THOUSAND SIX HUNDRED FIVE AND 00/100 DOLLARS ($1,605.00), plus interest, as well as Anupack's court costs incurred herein.

## COUNT IV – BREACH OF CONTRACT FOR PO 021599-00

58.     Anupack restates, realleges, and incorporates by reference herein the allegations set forth in paragraphs 1 through 19, and 33 through 37, as if fully rewritten herein.

59.     OFF's presentation, and Anupack's subsequent acceptance, of PO 021599-00 created a contract between OFF and Anupack.

60.     In consideration of OFF's promises to pay Anupack under PO 021599-00, Anupack satisfactorily manufactured all goods necessary to fulfill order.

61.     Anupack has fully performed and satisfied all of its obligations under the terms of PO 021599-00 in a timely manner.

62.     As of the date of the filing of this Complaint, despite Anupack's invoicing and demands for payment, OFF has, without justification, failed and/or refused to pay the balance due Anupack under Anupack's Invoice No.: 11800073 for PO 021599-00 with Anupack, and therefore, is in breach of its contractual obligations to Anupack.

63.    Anupack is entitled to recover from OFF for its breaches of its contractual obligations to Anupack under PO 021599-00 the principal sum of no less than SIXTY-SIX THOUSAND TWO HUNDRED TWENTY-SIX AND 29/100 DOLLARS ($66,226.29), plus interest, as well as Anupack's court costs incurred herein.

## COUNT V - UNJUST ENRICHMENT

64.    Anupack restates, realleges, and incorporates by reference herein the allegations set forth in paragraphs 1 through 14, 34, 35 and 37, as if fully rewritten herein.

65.    Anupack has conferred a benefit to OFF through its performance and delivery of goods.

66.    OFF has been unjustly enriched to Anupack's detriment as a result of OFF's receipt of certain goods, from which receipt OFF has benefited, but for which OFF has failed to pay Anupack.

67.    OFF owes Anupack no less than SIXTY-SIX THOUSAND TWO HUNDRED TWENTY-SIX AND 29/100 DOLLARS ($66,226.29), plus interest, as well as Anupack's court costs incurred herein.

68.    Equity and good conscience require restitution by OFF to Anupack.

WHEREFORE, Plaintiff, Anupack, LLC, demands judgment against Defendant, Old Fashioned Foods, Inc. as follows:

i.     (a)   On Count I, judgment in favor of Anupack, LLC and against Old Fashioned Foods, Inc., for its breach of contract, in the principal amount of no less than $443,225.60, together with post-judgment interest at the legal rate, a reasonable amount for Anupack's storage, and Anupack's costs incurred in this lawsuit; or, alternatively,

   (b)   On Count II, judgment in favor of Anupack, LLC and against Old Fashioned Foods, Inc., for the Price in the amount of no less than $389,037.60, plus Incidental Damages in the amount of no less than $54,188.00—for an aggregate amount of no less than $443,225.60—together with post-judgment interest at the legal rate, a reasonable amount for Anupack's storage, and Anupack's costs incurred in this lawsuit; and

ii.     On Count III, judgment in favor of Anupack, LLC and against Old Fashioned Foods, Inc., for its breach of contract, in the principal amount of no less than $1,605.00, together with post-judgment interest at the legal rate, and Anupack's costs incurred in this lawsuit; and

iii.   (a)   On Count IV, judgment in favor of Anupack, LLC and against Old Fashioned Foods, Inc., for its breach of contract, in the principal amount of no less than $66,226.29, together with post-judgment interest at the legal rate, and Anupack's costs incurred in this lawsuit; or, alternatively

(b)   On Count V, judgment in favor of Anupack, LLC and against Old Fashioned Foods, Inc., for unjust enrichment, in the principal amount of no less than $66,226.29, together with post-judgment interest at the legal rate, and Anupack's costs incurred in this lawsuit; and

iii.   An award for such other and further relief to which Anupack, LLC is entitled, in law or equity, as this Court deems legal and proper.

Respectfully submitted,

/s/ Jason W. Johnson
Jason W. Johnson
Florida Bar No.: 0186538
Roetzel & Andress, LPA
941 West Morse Boulevard, Suite 100
Winter Park, FL 32789
Telephone: (407) 720-8285
Facsimile: (407) 835-3596
Email: jwjohnson@ralaw.com

*Attorneys for Plaintiff, Anupack, LLC*

16237834 _4

## JURY DEMAND

Pursuant to Rule 38(b)(1), *Federal Rules of Civil Procedure*, Plaintiff hereby demands a trial by jury on all issues alleged herein so triable.

/s/ *Jason W. Johnson*
Jason W. Johnson

16237834_4